UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

-----------------------------------------------------------X

NATASHA SEVERIN and GALINA
COTOVA, individually and on behalf of
all others similarly situated,

No.:  10 Civ. 9696 (DLC)

                       Plaintiffs,

       - against -

PROJECT OHR, INC., METROPOLITAN
COUNCIL ON JEWISH POVERTY and
D'VORAH KOHN,

SECOND AMENDED
COMPLAINT

JURY TRIAL DEMANDED

                   Defendants.

-----------------------------------------------------------X

       Plaintiffs Natasha Severin and Galina Cotova, on behalf of themselves and all others similarly situated, allege as follows:

## NATURE OF THE ACTION

      1.     Plaintiffs bring this class action, individually and on behalf of a class of similarly situated employees (the "Class Members"), to seek redress for systematic underpayment of minimum and overtime wages against Defendants, who are providers of home health care for the elderly and infirm in and around the City of New York.

      2.     Defendants, by failing to pay Plaintiffs and the Class Members the federal and state mandated minimum wage rate for work performed and failing to pay overtime at one and one half times the regular rate, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*

      3.     Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees of Defendants who elect to opt into this action

pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage and hour provisions of the FLSA which deprived Plaintiffs and others similarly situated of their lawful wages.

4.     Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former employees of Defendants, pursuant to Fed.R.Civ.P. 23, for unpaid wages, including unpaid minimum wages and unpaid overtime wages, pursuant to New York Labor Law Article 6 §§ 190 *et seq.* and its supporting regulations at 12 N.Y.C.R.R. 142-2.2.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state and city law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Sec. 1391(a).

7.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. Sec. 2201 and 2202.

## CLASS ALLEGATIONS

8.     Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Defendants as home attendants, were not paid the federally mandated minimum wage for each hour worked in each discrete work week, and/or were not paid overtime pay at a rate of one and one half their

regular rate of pay for all hours worked in excess of forty per work week ("FLSA Class").

9.      Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiffs, and as such, notice should be sent to the FLSA Class. There are numerous similarly situated current and former employees of Defendants who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

10.      Plaintiffs bring New York Labor Law claims on their own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all employees of Defendants who worked as home attendants and failed to receive statutorily-required compensation for all hours worked and/or all statutorily required overtime pay for hours worked in excess of 40 in the work week ("Rule 23 Class") from December 30, 2004 until such time as Defendants cease their unlawful acts (the "Class Period").

11.      The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiffs, and calculation of such number would require facts in the sole control of Defendants, upon information and belief, Defendants have approximately 2,000 employees at the present time.

12.      The claims of the Plaintiffs are typical to the claims of the Rule 23 Class.

13.      Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class.

14.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

15.     Defendants have acted on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief appropriate for the class.

16.     There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

      a.     Whether Defendants failed to pay Plaintiffs and the Rule 23 Class the minimum wage for each hour of work that it required and permitted them to perform;

      b.     Whether Defendants failed to pay Plaintiffs and the Rule 23 Class overtime wages at a wage rate of one and one-half times their regular rate of pay, or, in the alternative, one and one half times the basic minimum hourly rate, within the meaning of the New York

4

Labor Law Article 12 and the supporting New York State

Department of Labor Regulations, 12 N.Y.C.R.R. 142-2.2;

c.     Whether Plaintiffs are exempt as "companions" under the FLSA,

29 U.S.C. §213(a)(15) and/or New York State Labor Law and its

implementing regulations at 12 N.Y.C.R.R. 142-2.1(b) and 142-

2.14(c).

## PARTIES

17.    Plaintiffs Natasha Severin ("Severin") and Galina Cotova ("Cotova") are

adult individuals who, at all times relevant to this Amended Complaint, have been

residents of the State and City of New York.

18.    At all times relevant to this Amended Complaint, Plaintiffs Severin and

Cotova were employees of Defendants within the meaning of the FLSA, 29 USC §

203(e) and New York Labor Law Article 6 § 190(2).

19.    Defendant Metropolitan Council on Jewish Poverty ("Met Council") is a

not for profit corporation doing business within the City of and State of New York that

maintains its principal place of business at 80 Maiden Lane, New York, NY 10038.

Metropolitan Council runs a variety of social programs in the New York City area,

including benefits services, career services, crisis services, family violence services, food

network services, home care services and housing services.

20.    Defendant Project OHR., Inc. ("Project OHR") is a program of Met

Council that maintains its principal place of business at 80 Maiden Lane, New York, NY

10038 and provides assistance to frail and elderly individuals living in their own homes

in the New York City area.

21.     Defendant D'vorah Kohn ("Kohn") is an individual engaged in business in the City of New York. She is sued individually and in her capacity as a senior staff member of Met Council and Executive Director of Project OHR. On information and belief, at all times relevant, Kohn had and has control over personnel decisions regarding employees of the other Defendants, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

22.     Defendants Project OHR, Met Council and Kohn operate as part of a single integrated enterprise that employed and/or jointly employed Plaintiffs and other similarly situated employees at all relevant times. Upon information and belief, each Defendant has and had substantial control over Plaintiffs' working conditions and unlawful practices alleged herein.

23.     At all relevant times, Defendants were or are Plaintiffs' employers and/or joint employers within the meaning of the FLSA and NYLL.

24.     Defendants' operations are interrelated and unified.  Evidence of this includes, but is not limited to, the following:

    a.   Project OHR is a program and subsidiary of Met Council.

    b.   Project OHR does not have its own website, rather, it is identified on the Met Council website, http://www.metcouncil.org, as a program of Met Council.

    c.   That website identifies Met Council as a business entity that operates various charity programs, including "Home Care" programs. It identifies Project OHR as one of its two "Home Care Provider Agencies," the function of which is to "provide assistance

6

to more than 2,000 frail elderly individuals living in their homes."
The website further defines "Home Care" as "one of Met Council's
first programs, begun in the mid 80s to fill a two-fold need of
giving unemployed and underemployed individuals the chance to
become certified Personal Care Aides, while filling the large
demand for home attendants for New York's aging population."
(http://www.metcouncil.org/site/PageServer?pagename=Programs
_Home_Care) (last visited May 27, 2011)

d.  The email address listed as contact information on the Project
OHR page of Met Council's website is homecare@metcouncil.org.

e.  Project OHR and Met Council have the same business address,
which is 80 Maiden Lane, New York, New York 10038.

f.  The Met Council website identifies William E. Rapfogel as its
Executive Director and Chief Executive Officer. The New York
Secretary of State listing for Project OHR identifies William E.
Rapfogel as the agent to whom Department of State Process
("DOS process") should be sent for Project OHR.

g.  Met Council's 2009 Combined Financial Statement lists Project
OHR as one of a number of "organizations where Met Council
exercises oversight responsibility," and contains information about
Project OHR's expenses, assets and liabilities.

h.  Met Council's 2006 Annual Report (the most recent report
available online), contains a segment on "Home Care Services"

7

and identifies Project OHR as one of "Met Council's government

contracted agencies."

      i.    Met Council's 2006 Annual report lists D'vorah Kohn as a

member of the "Met Council Senior Staff."

25.    At all relevant times, Metropolitan Counsel had and exercised dominion

and control over Project OHR, and that dominion and control was used to commit the

violations outlined herein.

## STATEMENT OF FACTS

26.    Plaintiffs Severin and Cotova were at all relevant times home attendants

employed by Defendants to work in New York City providing personal home health care

and assistance to Defendants' disabled and elderly clients.

27.    Severin worked for Defendants as a home attendant from approximately

January 2005 through December 2010. Cotova worked for Defendants as a home

attendant from approximately late 2004 through early 2007.

28.    While employed by Defendants, Plaintiffs and the Class Members

provided services to Defendants' homebound elderly and disabled clients. The job duties

of Plaintiffs and the Class Members included, but were not limited to the following:

personal care services, such as assistance with walking, bathing, dressing, personal

grooming, meal preparation, feeding and toileting; heavy and light cleaning, such as

vacuuming, mopping, dusting, cleaning windows, cleaning bathrooms, doing laundry and

taking out garbage; shopping; running errands; escorting clients; and taking care of

household pets.

29.     While employed by Defendants, Plaintiffs and the Class Members regularly spent more than 20% of their time in a workweek performing general household work. This included, as described above, heavy cleaning tasks such as vacuuming, mopping, dusting, cleaning windows, cleaning bathrooms and taking out garbage. As such, neither Plaintiffs nor the Class Members were exempt from coverage under the "companionship" exemptions to the FLSA and New York Labor Law, at 29 U.S.C. § 213(a)(15) and 12 N.Y.C.R.R. 142-2.1(b) and 142-2.14(c).

30.     Defendants had the right to control, and in fact did control, the hours, hourly pay, assignments, and schedule of Plaintiffs and the Class Members. Plaintiffs and the Class Members were paid by Defendants.

31.     While employed by Defendants, Plaintiff Severin and other Class Members regularly worked more than 40 hours per week.

32.     While employed by Defendants, Plaintiffs and the Class Members often worked 24-hour shifts. Plaintiffs and the Class Members were regularly required to work two or three 24-hour shifts consecutively, which required them to stay overnight at the residences of Defendants' clients. This was known as "live in" or "sleep in."

33.     Defendants paid Plaintiffs and Class Members who worked "live in" hours a different hourly rate for daytime and nighttime hours.

34.     Defendants generally paid Plaintiffs and other Class Members who worked "live in" hours between $10 and $12 per hour for daytime hours, and a flat rate of between $16 and $18 for a full 12-hour night shift.

35.     At all relevant times, Defendants had a practice and policy of paying their employees a flat rate for a full 12-hour night shift, resulting in an hourly rate well below the minimum wage, in violation of the FLSA and New York Labor Law.

36.     At all relevant times, Defendants had a practice and policy of assigning employees to work more than 40 hours per week without paying them one and one half times their regular hourly rate for hours worked in excess of 40 per week, in violation of the overtime provisions of the FLSA and New York State Labor Law. Defendant also had a policy and practice of failing to pay their employees one and one half times the minimum hourly wage rate for hours worked in excess of 40 per week, in violation of New York Labor Law and its implementing regulations.

37.     While employed by Defendants, Plaintiff Severin regularly worked two and three consecutive 24 hour shifts. When she worked three consecutive 24 hour shifts, she would arrive at her client's residence around 8 A.M. on Friday and leave around 8 A.M. the following Monday. She was paid her regular hourly rate for the 12 daytime hours she worked in each 24 shift, and a flat rate for the 12 nighttime hours, which brought her hourly wage below the state and federally mandated minimum wage.

38.     While employed by Defendants, Plaintiff Severin regularly worked 60 hours per week during the summer months. She was paid her regular rate of pay for all hours she worked, including the hours she worked in excess of 40 per work week.

39.     While employed by Defendants, Plaintiff Cotova often worked two consecutive 24 hour shifts. When she worked two consecutive 24 hour shifts, she would arrive at her clients' residence on Saturday morning and leave the following Monday morning. She was paid her regular hourly rate for the 12 daytime hours she worked in

each 24 hour shift, and a flat rate for the 12 nighttime hours, which brought her hourly wage below the state and federally mandated minimum wage.

40.    As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and New York Labor Law. This pattern of practice includes but is not limited to:

a.    Failing to pay Plaintiff and the Class Members the minimum wage for all hours worked in each discrete work week; and,

b.    Failing to pay Plaintiff and the Class Members one and one half times their regular rate of pay, or, in the alternative, one and one half the basic minimum hourly wage rate, for hours worked in excess of 40 per work week;

41.    At all relevant times, Defendants failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

42.    Upon information and belief, Defendants' unlawful conduct as described herein is pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and New York Labor Law.

43.    Defendants' unlawful conduct has been widespread, repeated and consistent.

## FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE
### (Brought on Behalf of Plaintiffs and all Class Members)

44.    Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

45.    Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

46.     Plaintiffs consent to be a party to this action, pursuant to 29 U.S.C. § 216(b).

47.     At all times relevant to this action, Plaintiffs and the Class Members were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

48.     At all times relevant to this action, Plaintiffs and the Class Members were engaged in commerce and the corporate Defendants were enterprises engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49.     Defendants violated the rights of Plaintiffs and the Class Members by failing to pay them the minimum wage for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C. § 206(a)(1).

50.     Defendants' failure to pay Plaintiffs and the Class Members the minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255.

51.     Defendants are liable to Plaintiffs and the Class Members who opt in to this action for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: FLSA OVERTIME
**(Brought on Behalf of Plaintiff Severin and all Class Members)**

52.     Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

53.     Defendants violated the rights of Plaintiff Severin and other Class Members by failing to pay overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

54.     Defendants' failure to pay Plaintiff Severin and other Class Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

55.     Defendants are liable to Plaintiff Severin and other Class Members who opt in to this action for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION: NEW YORK LABOR LAW MINIMUM WAGE
**(Brought on Behalf of Plaintiffs and all Class Members)**

56.     Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

57.     At all times relevant to this action, Plaintiffs and the Class Members were Defendants' employees within the meaning of New York Labor Law §§ 190(2) and 651(5) and 12 N.Y.C.R.R. § 142-2.14.

58.     At all times relevant to this action, Defendants were the employers of Plaintiffs and the Class Members within the meaning of New York Labor Law §190(3) and 651(6).

59.     At all times relevant to this action, Defendants failed to pay Plaintiffs and the Class Members the minimum wage in violation of New York Labor Law § 652 and 12 N.Y.C.R.R § 142-2.1.

60.     Defendants willfully violated the rights of Plaintiffs and the Class Members by failing to pay them wages due and owing for work performed in violation of New York State Labor Law.

61.     Due to Defendants' New York Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to New York Labor Law Article 6 §§ 190 *et seq.*, and Article 19,  §§ 650 *et seq.*

## THIRD CAUSE OF ACTION:
## <u>NEW YORK LABOR LAW OVERTIME</u>
### (Brought on Behalf of Plaintiff Severin and all Class Members)

62.     Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

63.     At all times relevant to this action, Defendants failed to pay Plaintiffs and other Class Members overtime wages of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 per week.  In the alternative, Defendant failed to pay overtime at the rate of one and one-half times the New York State minimum wage rate for each hour worked in excess of 40 hours per week, in violation of the New York Labor Law, Article 19, §§ 650 *et seq.* and 12 N.Y.C.R.R § 142-2.2.

64.     Defendants willfully violated the rights of Plaintiffs and the Class Members by failing to pay them wages due and owing for work performed in violation of the New York State Labor Law.

65.     Due to Defendants' New York Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime premium wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-

judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to New York Labor Law Article 6 §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

a. That, at the earliest possible time, Plaintiffs be permitted to give notice of this collective action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b. Unpaid wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 *et seq.*, New York Labor Law Article 6 § 198 1-a;

c. An additional and equal amount of unpaid wages as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* for unpaid wages;

d. Liquidated damages pursuant to New York Labor Law Article 6 § 198 1-a;

e. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    f.       Designation of Natasha Severin and Galina Cotova as representatives of the Class, and counsel of record as Class Counsel; and

    g.      Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York State Labor Law.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
      May 27, 2011

Respectfully submitted,

By: _____

Jennifer Smith
BERANBAUM MENKEN LLP
80 Pine Street, 33rd Floor
New York, NY 10005
Ph: (212) 509-1616
Fax: (212) 509-8088

16