UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
                                           :
NATASTHA SEVERIN and GALINA COTOVA,        :
Individually and on Behalf of All Other    :
Persons Similarly Situated,                :    10 Civ. 9696 (DLC)
                        Plaintiffs,        :
                                           :    OPINION & ORDER
            -v-                            :
                                           :
PROJECT OHR, INC., METROPOLITAN COUNCIL ON :
JEWISH POVERTY, and D'VORAH KOHN,          :
                        Defendants.        :
                                           :
-------------------------------------------X

APPEARANCES:

For Plaintiffs:
Jennifer Smith
Beranbaum Menken LLP
80 Pine Street, 32nd Floor
New York, NY 10005

For Defendants:
Jennifer B. Rubin
Michael S. Arnold
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
The Chrysler Center
666 Third Avenue
New York, NY 10017

DENISE COTE, District Judge:

     Natasha Severin ("Severin") and Galinao Cotova ("Cotova")

bring the above-captioned action on behalf of themselves and a

putative class of similarly situated persons (the "plaintiffs")

who are employed by Project OHR, Inc. ("Project OHR"), the

Metropolitan Council on Jewish Poverty ("Met Council"), and

D'Vorah Kohn ("Kohn") (collectively, the "defendants"), as

providers of home health care for the elderly and infirm in and
around the City of New York.  Plaintiffs allege that defendants
failed to pay them the minimum wage and overtime, in violation
of various provisions of the Fair Labor Standards Act ("FLSA"),
29 U.S.C. § 206 et seq., and New York Labor Law ("NYLL"), Art. 6
§ 190 et seq., and Art. 19 § 650 et seq.  Defendants have moved
pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., to
dismiss the complaint for the following four reasons:  (1) lack
of subject matter jurisdiction; (2) failure to sufficiently
plead claims for minimum wage and overtime violations; (3)
failure to sufficiently plead that Met Council and Kohn are
"employers"; and, (4) that Cotova's FLSA claims are time-barred
and the Court should decline to exercise supplemental
jurisdiction over her remaining NYLL claims.  For the following
reasons, only defendants' motion to dismiss the claims against
Met Council is granted.  All of the defendants' other requests
are denied.


BACKGROUND

     Unless otherwise specified, the following facts are taken
from the plaintiffs' Second Amended Complaint filed on May 27,
2011 (the "Complaint") and are assumed to be true for the
purposes of this motion.  Project OHR provides home health care
services in and around New York City to disabled, frail and

elderly individuals who qualify for government assistance.
Plaintiffs were employed as "home attendants . . . providing
personal home health care and assistance" to Project OHR's
clients.  Severin was employed from approximately January 2005
through December 2010, and Cotova was employed from
approximately late 2004 through early 2007.

Plaintiffs regularly worked more than forty hours per week.
Additionally, they often worked 24-hour shifts, which were
referred to as "sleep-in" shifts.  Plaintiffs were regularly
required to work two or three 24-hour shifts consecutively.

Defendants paid plaintiffs who worked sleep-in shifts a
different hourly rate for daytime and nighttime hours:  between
$10 and $12 per hour for daytime hours, and a flat rate of
between $16 and $18 for a full 12-hour night shift.  Defendants
did not pay plaintiffs one and one half times their regular
hourly rate for hours worked in excess of 40 hours per week and
defendants failed to post and/or keep posted a notice explaining
employees' rights under the FLSA.

Plaintiffs' employment is governed by a collective
bargaining agreement entered into in 2001 between Project OHR
and 1199/SEIU New York's Health and Human Service Union, which
was subsequently extended by Memoranda of Agreement

(collectively the "CBA").[1]  Two provisions of the CBA are
relevant.  First, Article VIII (the "Wages Provisions")
establishes that "Employees assigned to clients designated as
'Sleep-in' cases shall receive" a "Per Diem Rate of Pay . . .
for each day of work."[2]  The per diem rate paid to sleep-in
employees varies based on: (1) the number of hours that the
employee has worked with Project OHR; (2) the number of Project
OHR clients with whom the employee works, during the same work
hours, in the same or in different homes.

Second, Article XXV ("Grievance and Arbitration Provision")
sets out a four-step process for the resolution of grievances,
which it defines "as any dispute . . . involving the proper
application, interpretation, or compliance with the specific
written provisions of the [CBA]."  If a grievance remains
unresolved after three levels of internal review, the CBA

---

[1] The CBA is not referenced in or appended to the Complaint.  In
"adjudicating a motion to dismiss for lack of subject-matter
jurisdiction," however, "a district court may resolve disputed
factual issues by reference to evidence outside the pleadings."
State Employees Bargaining Agent Coalition v. John G. Rowland,
494 F.3d 71, 77 n.4 (2d Cir. 2007).  Moreover, even when
determining a motion to dismiss for failure to state a claim
under Rule 12(b)(6), "the court may consider . . . any documents
upon which the complaint relies and which are integral to the
complaint."  Subaru Distribs. v. Subaru of Am., Inc., 425 F.3d
119, 122 (2d Cir. 2005); see also Chapman v. N.Y. State Div. for
Youth, 546 F.3d 230, 234 (2d Cir. 2008).  Plaintiffs do not
contest either the existence or the applicability of the CBA.

[2] Employees who do not work sleep-in shifts are paid an hourly
wage that is set out in a separate provision of the CBA.

4

provides that "the matter be submitted to final and binding arbitration pursuant to the Labor Arbitration Rules of the American Arbitration Association."

PROCEDURAL HISTORY

On December 30, 2010, Severin filed this action.  On March 3, 2011, the first amended complaint was filed, which included Cotova's claims.  On May 11, defendants filed a motion to dismiss.  By Order of May 16, and to accommodate plaintiffs' request for an additional opportunity to amend their complaint, the May 11 Motion was terminated as moot.  The second amended complaint (the "Complaint") was filed on May 27.  On June 17, defendants renewed their motion to dismiss.  The June 17 motion became fully submitted on July 22.

DISCUSSION

While the Complaint states four causes of action -- two under federal law and two under state law -- there are two substantive claims:  (1) that the defendants failed to pay overtime to the plaintiffs as required by both the FLSA and NYLL; and, (2) that the defendants failed to pay the plaintiffs the minimum hourly wage required by the FLSA and NYLL.  As described below, plaintiffs are not obligated to arbitrate their FLSA claims and their NYLL claims are not preempted.  Of their

5

remaining requests, only defendants' motion to dismiss the claims against Met Council is granted.


I.    Subject Matter Jurisdiction

     1. FLSA Claims

     Defendants contend that plaintiffs should be compelled to arbitrate their FLSA claims.  When a party seeks to compel arbitration of a federal statutory claim, courts must "consider whether Congress intended those claims to be non-arbitrable." JLM Industries, Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004) (citation omitted).  It is well-established that FLSA claims are susceptible to arbitration and plaintiffs do not suggest otherwise.  See Reynolds v. de Silva, 09 Civ. 9218 (CM), 2010 WL 743510, at *5 (S.D.N.Y. Feb. 24, 2010) (collecting cases).  See also 14 Penn Plaza LLC v. Pyett, 129 S.Ct. 1456, 1474 (2009) (ADEA claims are arbitrable).

     Where statutory claims are susceptible to arbitration, the next inquiry is whether the parties intended to arbitrate such claims, as indicated by the terms of their agreement to arbitrate, in this case the CBA.  In Wright v. Universal Mar. Serv. Corp., 525 U.S. 70 (1998), the Supreme Court rejected any presumption of the arbitrability of federal statutory claims pursuant to a CBA, id. at 78-79, and required instead that "any CBA requirement to arbitrate [statutory claims] must be

particularly clear."  Id.  Since the CBA at issue in Wright did
not "clear[ly] and unmistakab[ly] waive[] . . . the covered
employees' rights to a judicial forum for federal claims," the
plaintiff was permitted to litigate his federal claim in court
despite the CBA's broad arbitration clause.  Id. at 82.  See
also Pyett, 129 S.Ct. at 1474 (holding that a collective
bargaining agreement that "clearly and unmistakably" requires
union members to arbitrate ADEA claims is enforceable as a
matter of federal law).[3]

The arbitration clause in a collective-bargaining agreement
will clearly and unmistakably apply to statutory claims if
either of two conditions is met:

> First, a waiver is sufficiently explicit if the
> arbitration clause contains a provision whereby
> employees specifically agree to submit all federal
> causes of action arising out of their employment to
> arbitration . . . .  Second, a waiver may be
> sufficiently clear and unmistakable when the CBA
> contains an explicit incorporation of the statutory .
> . . requirements in addition to a broad and general
> arbitration clause. . . . Courts agree that specific
> incorporation requires identifying the . . . statutes
> by name or citation.

Rogers v. N.Y. Univ., 220 F.3d 73, 76 (2d Cir. 2000) (per
curiam) (citation omitted) (emphasis supplied), abrogated on
other grounds by Pyett, 129 S.Ct. at 1474.

---

[3] Wright rejected the presumption of arbitrability provided by
the LMRA and did not consider the applicability of the FAA.
Wright, 525 U.S. at 77 n.1.

Defendants' motion to compel arbitration of the FLSA claims is denied.  The CBA does not contain a clear and unmistakable waiver of the employees' right to a federal forum for their federal claims.  The arbitration clause in the CBA is narrower than similar clauses which have been found not to require arbitration of federal claims.  See Wright, 525 U.S. at 73.[4]

The defendants do not suggest that the CBA clearly and unmistakably requires the plaintiffs to arbitrate their FLSA claims.  Instead, they argue that the nature of the plaintiffs' claims requires that they be arbitrated pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 28 U.S.C. § 185 ("Section 301").  In support of this argument, defendants cite two district court opinions -- Hoops v. Keyspan Energy, 10 Civ. 2777 (ADS), --- F. Supp. 2d ---, 2011 WL 846198, at *6 (E.D.N.Y. Mar. 8, 2011) and Nakahata v. N.Y. Presbyterian Healthcare System, Inc., 10 Civ. 2661 (PAC), 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011) -- both of which, in turn, rely on Vadino v. A. Valey Engineers, 903 F.2d 253, 265 (3d Cir. 1990). In Vadino, the Third Circuit held that FLSA claims "which rest on interpretations of the underlying collective bargaining agreement must be resolved pursuant to the procedures

---

[4] The arbitration clause at issue in Wright covered "[a]ny dispute concerning or arising out of the terms and/or conditions of this Agreement, or dispute involving the interpretation or application of this Agreement, or dispute arising out of any rule adopted for its implementation."  Wright, 525 U.S. at 73.

contemplated under the LRMA." Id. at 266.  Cf. Tran v. Tran, 54
F.3d 115, 118 (2d Cir. 1995) (plaintiff not required to
arbitrate FLSA claims pursuant to collective bargaining
agreement).

Thus, defendants characterize the plaintiffs' FLSA claims
as claims that depend on how the CBA is interpreted since the
parties dispute whether sleep-in employees are paid a per diem
rate or a hybrid hourly and flat rate.  This effort to reframe
the issues raised by the Complaint is unavailing.  The parties
do not dispute that the plaintiffs were paid in accordance with
the CBA Wage Provision.  The core of the dispute between the
parties is whether the defendants are exempted from the FLSA's
overtime payment provisions because the plaintiffs are
"companions," as defined in the FLSA, 29 U.S.C. § 213(a)(15), or
29 C.F.R. §§ 552.3, 552.109(a).

2. NYLL Claims

Defendants contend that the plaintiffs' state law claims
should be dismissed as preempted by Section 301, since their
resolution requires interpretation and application of the CBA.
Section 301 states that

> [s]uits for violation of contracts between an
> employer and a labor organization representing
> employees in an industry affecting commerce . . . may
> be brought in any district court in the United States
> having jurisdiction of the parties.

29 U.S.C. § 185(a).  The Supreme Court has interpreted Section
301 to be

> a congressional mandate to the federal courts to
> fashion a body of federal common law to be used to
> address disputes arising out of labor contracts.
> Thus, when a state claim alleges a violation of a
> labor contract, the Supreme Court has held that such
> claim is preempted by section 301 and must instead be
> resolved by reference to federal law.

Vera v. Saks & Company, 335 F.3d 109, 114 (2d Cir. 2003)
(citation omitted).

Section 301 preempts not only contract claims directly
alleging that a party has violated a provision of a collective-
bargaining agreement, but also those state-law actions that
require interpretation of such an agreement.  See Lingle v.
Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988); Vera,
335 F.3d at 114.  "When resolution of a state-law claim is
substantially dependent upon analysis of the terms of an
agreement made between the parties in a labor contract, that
claim must either be treated as a § 301 claim, or dismissed as
pre-empted by federal labor-contract law."  Vera, 335 F.3d at
114 (citation omitted).

"[S]tate prescribe[d] rules . . . rights and obligations
that are independent of a labor contract" are not preempted by
Section 301.  Id. at 115 (citation omitted).  Even if resolving
a dispute under a state law claim and the collective-bargaining
agreement "would require addressing the precisely same set of

10

facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." <u>Lingle</u>, 486 U.S. at 410.

Plaintiffs' NYLL claims are legally independent of the CBA and therefore defendants' motion to dismiss these claims as preempted by Section 301 is denied.  Plaintiffs' claim for failure to pay employees the minimum wage arises under Section 652(a) of the NYLL, which specifies the minimum wage that "[e]very employer shall pay to each of its employees for each hour worked."  NYLL § 652(1).  Plaintiffs' overtime claim arises under Section 142-2.2, which provides that "[a]n employer shall pay an employee for overtime at wage rate of one and one-half times the employee's regular rate in the manner and methods provided" in the FLSA.  No provision of the CBA needs to be interpreted to decide either of these statutory claims.

Additionally, the cases on which the defendants rely are distinguishable.[5]  In <u>Hoops</u>, 2011 WL 846198, for example, to

---

[5] Defendants' efforts to distinguish this case from <u>McLean v. Garage Management Corp.</u>, 10 Civ. 3950 (DLC), 2011 WL 1143003, at *5 (S.D.N.Y. Mar. 29, 2011), are similarly unavailing.  Like the <u>McLean</u> plaintiffs, the plaintiffs in this case do not suggest that they were paid in a manner at odds with the rates specified in their CBA.  Instead, they contend that even if the defendants complied with their obligations under the CBA, they failed to meet the minimum wage and overtime standards set out under both state and federal law.

reach the plaintiff's statutory overtime claims, the district court had to decide the "threshold question of whether the Plaintiff was entitled to receive contractual shift differentials[,] . . . a determination that require[d] interpretation of the CBA." Id. at *4.[6] As noted above, however, the plaintiffs in this case may prevail on their statutory claims regardless of whether they were paid in accordance with the CBA.

II.  Plaintiffs Have Adequately Stated Claims for Relief
     Pursuant to NYLL and the FLSA.

     Defendants have moved to dismiss plaintiffs' claims as being factually insufficient in three respects.  On a motion to dismiss, the court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's

---

[6] Similarly, in Vera, 335 F.3d at 115 (2d Cir. 2003), Ellis v. HarperCollins Publishers, Inc., 99 Civ. 1213 (DLC), 2000 WL 802900 (S.D.N.Y. June 21, 2000), and Garcia v. Allied Parking Systems, 752 N.Y.S.2d 316 (App. Div. 2002), each plaintiff's claim hinged on an interpretation of a collective bargaining agreement.  Vera, 335 F.3d at 115 (holding that the court "must interpret the CBA to determine whether it embodies an agreement between the parties to alter the common law rule regarding when commissions are earned"); Ellis, 2000 WL 802900, at *2 (holding that where a "reported violation [was] based on a failure to pay union employees in accordance with the terms of a CBA," the claim was preempted by § 301); Garcia, 752 N.Y.S.2d at 317-18 (holding that plaintiff's claim for "fail[ure] to pay him overtime at the rate provided in his collective bargaining agreement" was preempted since the dispute centered on how to interpret the wage schedule in the collective bargaining agreement).

favor." LaFaro v. N.Y. Cardiothoracic Grp., 570 F.3d 471, 475
(2d Cir. 2009) (citation omitted).  The court is "not bound to
accept as true legal conclusions couched as factual allegations.
Only a complaint that states a plausible claim for relief
survives a motion to dismiss."  Id. at 475-76 (citing Ashcroft
v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009)).  A complaint must do
more than offer "naked assertions devoid of further factual
enhancement."  Iqbal, 129 S. Ct. at 1949 (citation omitted).

 1. Pleading Minimum Wage and Overtime Claims

 First, defendants argue that the plaintiffs have failed to
plead their minimum wage and overtime claims with the requisite
specificity.  As described supra, NYLL and the FLSA make it
unlawful for employers to pay non-exempt employees less than an
hourly minimum wage, or less than one and one half times their
regular rate of pay for hours worked in excess of forty-hours
per week.  29 U.S.C. § 206(a) (minimum wage); 12 N.Y.C.R.R.
§ 142-3.1 (minimum wage); 29 U.S.C. § 207(a)(1) (overtime); 12
N.Y.C.R.R. § 142-3.2 (overtime).

 Plaintiffs contend that they worked two to three
consecutive twenty-four hour shifts (for a total of between
forty-eight and seventy-two hours).  Consistent with the per
diem rates in the CBA, plaintiffs were allegedly paid
approximately $10 to $12 per hour for each daytime hour and $16
to $18 for all twelve nighttime hours.  Additionally, plaintiffs

assert that they were not paid at a higher rate for hours worked
in excess of forty hours per week.  Thus, the plaintiffs who
worked at least two sleep-in shifts were not paid the minimum
wage of $7.25 for each hour they worked, nor were they paid
$10.87 for the hours worked in excess of forty-hours per week.
These allegations state statutory violations and defendants'
motion to dismiss the minimum and overtime wage claims is
denied.

 2. NYLL Exemption

 Second, defendants assert that the Complaint does not
allege sufficient facts to demonstrate that plaintiffs are non-
exempt employees under NYLL.  The New York State Minimum Wage
Act, NYLL § 650 <u>et seq</u>., which includes the NYLL overtime rules,
applies to all individuals who fall within the definition of
"employee."  Section 651(5) defines an "employee" to mean "any
individual employed or permitted to work by an employer in any
occupation," but excludes from that definition any individual
who: (1) "lives in the home of an employer"; (2) "for the
purpose of serving as a companion to a sick, convalescing or
elderly person"; and, (3) "whose principal duties do not include
housekeeping."  <u>Id</u>.[7]

---

[7] A regulation promulgated by the New York Division of Labor,
N.Y.C.R.R. § 142-2.14(c)(1)(ii) defines "companion" using terms
identical to those in NYLL § 651(5)(a).

In Settlement Home Care v. Industrial Bd. of Appeals of the
Dept. of Labor, 151 A.D.2d 580 (App. Div. 1989), the Second
Department held that when a home attendant is not employed by
the person whom they assist, but by a third party vendor -- such
as an organization like Project OHR -- she does not "live in the
home [of her] employer" and therefore, the first condition of
the companion exemption is not met.  Id. at 582.  See also
Counsel Opinion Letter, N.Y. Dept. of Labor, RO-09-0169 Live-in
Companions (Mar. 11, 2010), available at
http://labor.ny.gov/legal/counsel-opinion-letters.shtm (in
Settlement Home Care, 151 A.D.2d at 581, the Third Department
"set forth three mandatory requirements, which it derived
directly from Section 651(5)(a), to determine whether an
employee fits within the 'companionship exception.'" ).  With
respect to the second prong of the companionship exemption, the
court distinguished providing companionship from performing
other "personal care and housekeeping services" such as
"bathing, grooming, feeding" and "dressing . . . as well as
preparing meals, shopping, housecleaning and doing laundry."
Id. at 582-83.  Finally, regarding the third prong, it held that
to be a principal duty, a task need not be the "only dut[y] of
the attendant[]," so long as the task "constitute[s] an integral
part of the services provided."  Id. at 583.

"[T]he employer invoking [an] exemption bears the burden of proving that its employees fall within the exemption." Reiseck v. Universal Commc'n, 591 F.3d 101, 104 (2d Cir. 2010) (FLSA); 12 N.Y.C.R.R. § 142-2.2 (adopting FLSA exemptions).  A plaintiff does not have a duty to plead facts to contravene an affirmative defense.  See Black v. Coughlin, 76 F.3d 72, 75 (2d Cir. 1996).

In any event, the Complaint pleads sufficient facts to negate the affirmative defense.  The plaintiffs allege that they do not live with their employer, i.e. the defendants. Plaintiffs also have pled that they offer their customers a variety of services in addition to companionship, including: walking, bathing, dressing, personal grooming, meal preparation, feeding, heavy and light cleaning, laundry, errands, and care of household pets.  Assuming these allegations are true, at this juncture it is not possible to conclude that the plaintiffs' principal duties do not include housekeeping.  Accordingly, plaintiffs have pled adequate facts to establish that they are non-exempt employees under NYLL and therefore, the defendants' motion to dismiss is denied on this basis as well.

3. Claims Against Defendants Kohn and Met Council

Third, defendants contend that plaintiffs have failed to plead facts adequate to establish that Met Council and Kohn are employers within the meaning of the FLSA and NYLL.  The FLSA defines "employer" as "any person acting directly or indirectly

in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  "The Supreme Court has emphasized the expansiveness of the FLSA's definition of employer."  Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (citation omitted).  And "[t]he regulations promulgated under the FLSA expressly recognize that a worker may be employed by more than one entity at the same time."  Zheng v. Liberty Apparel Co., Inc., 355 F.3d 61, 66 (2d Cir. 2003).  When considering whether a defendant is a joint employer within the meaning of the FLSA and NYLL, "the overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the economic reality presented by the facts of each case."  Herman 172 F.3d at 139 (citation omitted).  Four factors relevant to this determination are whether the alleged employer:

> (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

Zheng, 355 F.3d at 67 (citation omitted).[8]  These four factors may be "sufficient to establish employer status," but they constitute a nonexhaustive list and "the court is . . . free to

---

[8] This standard also applies to individuals as employers.  See Herman, 172 F.3d at 140-41 (holding that Chairman of company was employer under the FLSA).

consider any other factors it deems relevant to its assessment."
<u>Id</u>. at 69, 71-72.[9]

Plaintiffs assert that in her capacity as Executive
Director of Project OHR, Kohn controlled personnel decisions,
and had the power to hire and fire, set wages, and otherwise
control the terms and conditions of the plaintiffs' employment.
Since plaintiffs allege that Kohn had actual influence over
hiring and firing decisions, and the terms of their employment,
defendants' motion to dismiss the claims against Kohn is denied.

The claims against Met Council, however, must be dismissed.
Plaintiffs allege a relationship between Project OHR and Met
Council, including Met Council's oversight of Project OHR.
Nothing in the Complaint, however, indicates that Met Council
had a role in Project OHR's personnel decisions.  Consequently,
plaintiffs have failed to plead facts sufficient to establish
that Met Council was a joint employer of the plaintiffs.


III. Cotova

The parties agree that Cotova's FLSA claims are time-barred
since Cotova ceased working for the defendants in early 2007.

---

[9] The same analysis applies to claims brought under the NYLL.
<u>See</u> <u>Xue Lian Lin v. Comprehensive Health Mgmt.</u>, 08 Civ. 6519
(PKC), 2009 WL 976835, at *2 (S.D.N.Y. 2009)

They dispute whether the Court should exercise supplemental
jurisdiction over Cotova's NYLL claims.[10]

"[I]n any civil action of which the district courts have
original jurisdiction, the district courts shall have
supplemental jurisdiction over all other claims that are so
related to claims in the action . . . that they form part of the
same case or controversy under Article III."  28 U.S.C.
§ 1367(a).  The Second Circuit has held that

> A state law claim forms part of the same controversy if it
> and the federal claim derive from a common nucleus of
> operative fact.  This is so even if the state law claim is
> asserted against a party different from the one named in
> the federal claim.

Briarpatch Ltd., L.P. v. World World, LLC, 373 F.3d 296, 308 (2d
Cir. 2004) (citation omitted).  "In deciding whether to exercise
jurisdiction over supplemental state-law claims, district courts
should balance the values of judicial economy, convenience,
fairness, and comity."  Klein & Co. Futures Inc. v. Bd. of
Trade, 464 F.3d 255, 262 (2d Cir. 2006).

Since the NYLL claims belonging to Severin and other opt-in
plaintiffs employed by Project OHR will proceed before this
Court, it is efficient and convenient to exercise supplemental

---

[10] The FLSA is governed by a two or three-year statute of
limitations, while the NYLL has a six-year limitations period.
29 U.S.C. § 255(a) (imposing a two-year statute of limitations
"except that a cause of action arising out of a willful
violation may be commenced within three years after the cause of
action accrued"); NYLL § 663(3) (imposing a six-year statute of
limitations).

jurisdiction over Cotova's NYLL claims.   Thus, defendants'
motion to dismiss Cotova's NYLL claims on this basis is denied.

CONCLUSION

The defendants' motion to require plaintiffs to arbitrate
their claims is denied.   Cotova's FLSA claims are dismissed as
time-barred and Met Council's motion to dismiss is granted in
full.   The remainder of the motion to dismiss is denied.

SO ORDERED:

Dated:     New York, New York
           September 1, 2011

                                    _____
                                        DENISE COTE
                                    United States District Judge

20