UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

NATASHA SEVERIN and GALINA
COTOVA, individually and on Behalf of               No. 10 Civ. 9696(DLC)
all others similarly situated,

                    Plaintiffs,

        - against -                                    **<u>DECLARATION</u>**

PROJECT OHR, INC., METROPOLITAN
COUNCIL ON JEWISH POVERTY, and
D'VORAH KOHN,

                   Defendants.
-------------------------------------------------------------X

       I, Jennifer Rubin, Esq., pursuant to 28 U.S.C. §1746, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

       1.     I am a member of the law firm Mintz Levin Cohn Ferris Glovsky and Popeo, P.C. I submit this Declaration on behalf of Project OHR, Inc. and D'vorah Kohn in support of their Rule 56.1 Responses to Plaintiffs' Rule 56.1 Statement of Material Facts and Additional Material Facts, and in opposition to Plaintiffs' Motion for Collective Action Notice and Partial Summary Judgment.

       2.     Attached as Exhibit 1 are true and correct copies of relevant transcript portions from the Deposition of Galina Cotova, dated September 8 & 16, 2011.

       3.     Attached as Exhibit 2 are true and correct copies of relevant transcript portions from the Deposition of Natasha Severin, dated September 20, 2011.

       4.     Attached as Exhibit 3 are true and correct copies of relevant transcript portions from the Deposition of Anna Reydman, dated September 23, 2011.

5.      Attached as Exhibit 4 are true and correct copies of relevant transcript portions from the Deposition of D'vorah Kohn, dated September 26, 2011.

6.      Attached as Exhibit 5 are true and correct copies of relevant transcript portions from the Deposition of Susan Schaefer, dated September 28, 2011.[1]

7.      Attached as Exhibit 6 are true and correct copies of documents in Natasha Severin's personnel file: a document entitled "Employee Maintenance" (D01188); mandatory in-service training materials (D01216-D01218), an Orientation Checklist (D01289), a Sleep-in Agreement (D01294), and an Acceptance of Temporary Assignments agreement (D01295).

8.      Attached as Exhibit 7 is a true and correct copy of a document entitled "Employee SHARP Status History" for Natasha Severin (D00585).

9.      Attached as Exhibit 8 are true and correct copies of documents in Galina Cotova's personnel file: a document entitled "Employee Maintenance" (D00253), mandatory in-service training materials (D00280-D00281), an Orientation Checklist (D00295), a Sleep-in Agreement (D00300), and an Acceptance of Temporary Assignments agreement (D00301).

10.     Attached as Exhibit 9 is a true and correct copy of a document entitled "Employee SHARP Status History" for Galina Cotova (D00530).

11.     Attached as Exhibit 10 are true and correct copies of the plans of care for two Project OHR clients that Severin provided with home care services (ID Nos. #082042 (D00736), and #084740 (D00737)), and two Project OHR clients that Cotova provided with home care services (ID Nos. #083161 (D00356) and #082634 (D00365)).  Because of HIPAA privacy requirements, defendants produced two versions of these plans of care to plaintiffs.  The first set

---

[1]      Defendants do not submit the full deposition transcripts to avoid a voluminous filing.  Defendants will file the full deposition transcripts upon request from the Court.  Further, consistent with their HIPAA obligations, defendants have redacted the names of Project OHR clients where they appear in the transcripts.  Those names are not relevant to plaintiffs' motion.

redacted the client's name (and some other contact information) but included the client's Project OHR ID number.  The second set was not redacted.  The second set is subject to a confidentiality agreement that precludes the parties from filing the unredacted versions with the Court unless done so under seal or subject to further redaction.  The attached plans of care are from the first redacted set produced to plaintiffs.  The fact that plaintiffs provided home care services to these four clients is confirmed by cross-referencing the Client ID numbers on the plans of care with plaintiffs' payroll summaries, which contain the same Client ID numbers.  *See* D00721, D00597, D00544, D00543, which are true and correct copies of those payroll summaries and also attached as part of Exhibit 10.[2]

12.     Attached as Exhibit 11 are true and correct copies of selected portions of an agreement entered into by the New York City Department of Social Services/Human Resources Administration and Project OHR, Inc. (D00083-D00089, D00097-D00105, D00162-D00165).

13.     Attached as Exhibit 12 are true and correct copies of M-11q Forms for two Project OHR clients that Severin provided with home care services (D03711-D03726 and D03729-D03732), and for two Project OHR clients that Cotova provided with home care services (D003744-D03746 and D03752-D03755).  I have also attached true and correct copies of payroll summaries with the client ID numbers identified on the M-11q Forms (D00606, D00685, D00538, D00566).

14.     Attached as Exhibit 13 are true and correct copies of Client Task Sheet – MRT Plan of Care forms ("Task Sheets") for two Project OHR clients that Severin provided with home care services (D03727-D03728 and D03733), and for two Project OHR clients that Cotova provided with home care services (D003747 and D03756).  I have also attached true and correct

---

[2]     The same client privacy issue arises in Exhibits 12-14 & 18.  For those exhibits, we have also included the payroll summaries identifying the client by ID number.

copies of payroll summaries with the client ID numbers identified on the Task Sheets (D00606, D00685, D00538, D00566).

15.     Attached as Exhibit 14 are true and correct copies of Nurse's Assessment Visit Reports for two Project OHR clients that Severin provided with home care services (D03111-D03119 and D03139-D03147) and for two Project OHR clients that Cotova provided with home care services (D03021-D03029 and D03083-D03091).   I have also attached true and correct copies of payroll summaries with the client ID numbers identified on the Reports (D081665, D080359, D082617, D081888).

16.     Attached as Exhibit 15 are true and correct copies of selected portions of the Project OHR Client Handbook, revised as of August 2003 (D01314-D01317, D01327-D01328), revised as of October 2007 (P1-24) and revised as of October 2009 (D03457-D03464, D03470).

17.     Attached as Exhibit 16 are true and correct copies of relevant Project OHR policies and procedures, including its Clinical Supervision Policy (D00318-D00320), Incident Reporting Policy (D00321-D00322), mandatory in-service training policy (D00323-D00324), and Nursing Practice Standards Policy (D00325-D00334).

18.     Attached as Exhibit 17 are true and correct copies of the Standard HRA Tasks Reference Guide (P444-445), and various Severin Individual Client Activity Reports (D2565, D2619, D2631-D2632, D2698, D2703, D2741, D2820, D2845), and Cotova Individual Client Activity Reports (D01819, D01834, D01836, D01838, D01859, D01862, D01901).

19.     Attached as Exhibit 18 are true and correct copies of Service Authorization Histories for a Project OHR client that Severin provided with home care services (ID No. 083291) (D03487), and a Project OHR client that Cotova provided with home care services (ID

No. 083142) (D03641). I have also attached true and correct copies of payroll summaries with the client ID numbers identified on the Service Authorization Histories (D00541, D00605,).

20.    Attached as Exhibit 19 are true and correct copies of Time and Attendance Records for Severin for the weeks ending April 17, 2009 (D00985), April 24, 2009 (D00984), May 1, 2009 (D00981), July 27, 2007 (D01075) and August 3, 2007 (D01074), and for Cotova for the weeks ending August 12, 2005 (D00481), August 19, 2005 (D00482), November 4, 2005 (D00492), November 11, 2005 (D00493), September 1, 2006 (D00518), November 10, 2006 (D00519), November 24, 2006 (D00520), and December 1, 2006 (D00521).

21.    Attached as Exhibit 20 is a true and correct copy of an e-mail from Jennifer Smith to Michael Arnold, dated October 18, 2011, without its attachment.

22.    Attached as Exhibit 21 is a true and correct copy of Plaintiffs' Initial Disclosures, dated May 12, 2011.

23.    Attached as Exhibit 22 is a true and correct copy of Plaintiffs' Responses to Defendants' First Set of Interrogatories, dated October 14, 2011.

24.    Attached as Exhibit 23 is a true and correct copy of the Declaration of Blossom King, dated November 22, 2011.

25.    Attached as Exhibit 24 is a true and correct copy of the Declaration of Ekatarina Derjavina, dated November 23, 2011.

26.    Attached as Exhibit 25 is a true and correct copy of the Declaration of Elizabeth Vladimrov, dated November 23, 2011.

27.    Attached as Exhibit 26 is a true and correct copy of the Declaration of Irina Koshuk, dated November 23, 2011.

28.     Attached as Exhibit 27 is a true and correct copy of *Ruiz v. Serco, Inc.*, 10 Civ.

00394 (W.D. Wisc., Aug. 5, 2011).


Dated:  November 29, 2011
          New York, New York

                                        /s/ Jennifer B. Rubin
                                        Jennifer Rubin


5692025v.3