# Exhibit 22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

NATASHA SEVERIN and GALINA
COTOVA, individually and on Behalf of
all others similarly situated,

                       Plaintiffs,

      - against -

PROJECT OHR, INC., METROPOLITAN
COUNCIL ON JEWISH POVERTY, and
D'VORAH KOHN,

                      Defendants.
-------------------------------------------------------------X

No. 10 Civ. 9696(DLC)

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' FIRST
<u>SET OF INTERROGATORIES</u>**

Plaintiffs Natasha Severin and Galina Cotova ("Plaintiffs"), pursuant to (i) the Court's Pretrial Scheduling Order, dated May 16, 2011; (ii) Rules 26 and 33.1 of the Local Rules of the United States District Court for the Southern District of New York; and (iii) Rules 26 and 33 of the Federal Rules of Civil Procedure, by and through their attorneys, Beranbaum Menken LLP, hereby provide their responses to Defendants' First Set of Interrogatories.

<u>**INTERROGATORIES**</u>

1.      Identify each and every person with knowledge or information relevant to Plaintiffs' claim that Ms. Kohn "had and has control over personnel decisions regarding employees of the other Defendants, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment" as alleged in paragraph 21 of the Second Amended Complaint.

RESPONSE

D'Vorah Kohn, c/o Defendants

Susan Schaefer, c/o Defendnats

Anna Reydman, c/o Defendants

Individuals identified on the document produced herewith at Bates No. 28

2.      Identify each and every person with knowledge or information relevant to Plaintiffs' claim that Met Council and Ms. Kohn "has and had substantial control over Plaintiffs' working conditions and unlawful practices alleged [in the Second Amended Complaint]" as alleged in paragraph 22 of the Second Amended Complaint.

RESPONSE

D'Vorah Kohn, c/o Defendants

Susan Schaefer, c/o Defendnats

Anna Reydman, c/o Defendants

Individuals identified on the document produced herewith at Bates No. 28

3.      Identify each and every person with knowledge or information relevant to Plaintiffs' claim that Met Council and Ms. Kohn "had the right to control, and in fact did control, the hours, hourly pay, assignments, and schedule of Plaintiffs" and that Met Council "paid" Plaintiffs as alleged in paragraph 30 of the Second Amended Complaint.

RESPONSE

D'Vorah Kohn, c/o Defendants

Susan Schaefer, c/o Defendnats

Anna Reydman, c/o Defendants

Individuals identified on the document produced herewith at Bates No. 28

    4.     Identify each and every person with knowledge or information relevant to the job duties Plaintiffs identify in paragraph 28 of the Second Amended Complaint.

RESPONSE

Natasha Severin

Galina Cotova

Irinta Montes

D'Vorah Kohn, c/o Defendants

Susan Schaefer, c/o Defendants

Anna Reydman, c/o Defendants

Irina Schaulskya, former employee of Defendants, 2665 Homecrest Ave., Brooklyn, NY 11235

Lyubov Tsyganova, former employee of Defendants, 2355 East 12th Street, Brookly, NY 12229

Individuals identified on the documents produced herewith at Bates Nos. P28 and P29 through P263

Other individuals who are or were employed by Defendants as home health attendants, the identity of whom is better known to Defendants.


    5.     Identify each and every person with knowledge or information regarding Plaintiffs' claim that they "regularly spent more than 20% of their time in a workweek performing general household work" as alleged in paragraph 29 of the Second Amended Complaint.

RESPONSE

Natasha Severin

Galina Cotova

Irina Montes

D'Vorah Kohn, c/o Defendants

Susan Schaefer, c/o Defendants

Anna Reydman, c/o Defendants

Irina Schaulskya, former employee of Defendants, 2665 Homecrest Ave., Brooklyn, NY 11235

Lyubov Tsyganova, former employee of Defendants, 2355 East 12th Street, Brookly, NY 12229

Individuals identified on the documents produced herewith at Bates Nos. P28 and P29 through P263

Other individuals who are or were employed by Defendants as home health attendants, the identity of whom is better known to Defendants.

6.    Identify each and every person with knowledge or information regarding Severin's claim that she and other Putative Class Members "regularly worked more than 40 hours per week," and "often worked 24-hour shifts" as alleged in paragraphs 31 and 32 of the Second Amended Complaint.

RESPONSE

Natasha Severin

Galina Cotova

Irina Montes

D'Vorah Kohn, c/o Defendants

Susan Schaefer, c/o Defendants

Anna Reydman, c/o Defendants

Irina Schaulskya, former employee of Defendants, 2665 Homecrest Ave., Brooklyn, NY 11235

Lyubov Tsyganova, former employee of Defendants, 2355 East 12th Street, Brookly, NY 12229

Individuals identified on the documents produced herewith at Bates Nos. P28 and P29 through P263

Other individuals who are or were employed by Defendants as home health attendants, the identity of whom is better known to Defendants.

7.    Identify each and every person with knowledge or information regarding Plaintiffs' claim that they were paid when working "live in" hours at "a different hourly rate for daytime and nighttime hours," as alleged in paragraph 33 of the Second Amended Complaint.

RESPONSE

Natasha Severin

Galina Cotova

Irina Montes

D'Vorah Kohn, c/o Defendants

Susan Schaefer, c/o Defendants

Anna Reydman, c/o Defendants

Irina Schaulskya, former employee of Defendants, 2665 Homecrest Ave., Brooklyn, NY 11235

Lyubov Tsyganova, former employee of Defendants, 2355 East 12th Street, Brookly, NY 12229

Individuals identified on the documents produced herewith at Bates Nos. P28 and P29 through P263

Other individuals who are or were employed by Defendants as home health attendants, the identity of whom is better known to Defendants.


8.      Identify each and every person with knowledge or information regarding Plaintiffs' claim that they received a "flat rate of between $16 and $18 for a full 12-hour night shift," as alleged in paragraph 34 of the Second Amended Complaint.

RESPONSE

Natasha Severin

Galina Cotova

Irina Montes

D'Vorah Kohn, c/o Defendants

Susan Schaefer, c/o Defendants

Anna Reydman, c/o Defendants

Irina Schaulskya, former employee of Defendants, 2665 Homecrest Ave., Brooklyn, NY 11235

Lyubov Tsyganova, former employee of Defendants, 2355 East 12th Street, Brookly, NY 12229

Individuals identified on the documents produced herewith at Bates Nos. P28 and P29 through P263

Other individuals who are or were employed by Defendants as home health attendants, the identity of whom is better known to Defendants.

     9.    Identify each and every person with knowledge or information relevant to Plaintiffs' claim that that "Defendants had a practice and policy of paying their employees a flat rate for a full 12-hour night shift, resulting in an hourly rate well below the minimum wage" as alleged in paragraph 35 of the Second Amended Complaint.

RESPONSE

Natasha Severin

Galina Cotova

Irina Montes

D'Vorah Kohn, c/o Defendants

Susan Schaefer, c/o Defendants

Anna Reydman, c/o Defendants

Irina Schaulskya, former employee of Defendants, 2665 Homecrest Ave., Brooklyn, NY 11235

Lyubov Tsyganova, former employee of Defendants, 2355 East 12th Street, Brookly, NY 12229

Individuals identified on the documents produced herewith at Bates Nos. P28 and P29 through P263

Other individuals who are or were employed by Defendants as home health attendants, the identity of whom is better known to Defendants.

     10.    Identify each and every person with knowledge or information relevant to Plaintiffs' claim that that "Defendants had a practice and policy of assigning employees to work more than 40 hours per week without paying them one and one half times their regular hourly rate for hours worked in excess of 40 per week," as alleged in paragraph 36 of the Second Amended Complaint.

RESPONSE

Natasha Severin

Galina Cotova

Irina Montes

D'Vorah Kohn, c/o Defendants

Susan Schaefer, c/o Defendants

Anna Reydman, c/o Defendants

Irina Schaulskya, former employee of Defendants, 2665 Homecrest Ave., Brooklyn, NY 11235

Lyubov Tsyganova, former employee of Defendants, 2355 East 12th Street, Brookly, NY 12229

Individuals identified on the documents produced herewith at Bates Nos. P28 and P29 through P263

Other individuals who are or were employed by Defendants as home health attendants, the identity of whom is better known to Defendants.

11.   Identify each and every person with knowledge or information regarding Severin's claim that she "regularly worked two and three consecutive 24 hour shifts," as alleged in paragraph 37 of the Second Amended Complaint.

RESPONSE

Natasha Severin

D'Vorah Kohn, c/o Defendants

Susan Schaefer, c/o Defendants

Anna Reydman, c/o Defendants

12.   Identify each and every person with knowledge or information regarding Cotova's claim that she "often worked two consecutive 24 hours shifts," as alleged in paragraph 39 of the Second Amended Complaint.

RESPONSE

Galina Cotova

D'Vorah Kohn, c/o Defendants

Susan Schaefer, c/o Defendants

Anna Reydman, c/o Defendants

Individuals identified on the documents produced herewith at Bates Nos. P29 through P263

13.    Identify each and every person with knowledge or information regarding Severin's claim that "[w]hile employed by Defendants, [she] regularly worked 60 hours per week during the summer months," as alleged in paragraph 38 of the Second Amended Complaint.

RESPONSE

Natasha Severin

D'Vorah Kohn, c/o Defendants

Susan Schaefer, c/o Defendants

Anna Reydman, c/o Defendants

14.    Identify whether employees who are alleged to work more than 40 hours per week for whom one and one half times the minimum hourly wage for hours were not paid includes employees working a "live in" shift.

RESPONSE

Plaintiffs object to this Interrogatory on the ground that it seeks information beyond the scope of Rule 33.1 of the Local Civil Rules for the Southern District of New York.

15.     State whether Plaintiffs' allegation of a "practice and policy of paying their employees a flat rate for a full 12 hour night shift," as alleged in paragraph 35 of the Second Amended Complaint, includes employees other than home attendants working a "live in" shift.

RESPONSE

Plaintiffs object to this Interrogatory on the ground that it seeks information beyond the scope of Rule 33.1 of the Local Civil Rules for the Southern District of New York.

16.     State whether Plaintiffs provided companion services for two or more clients in the same home (mutual clients) or in different homes (cluster clients) during the same shift.

RESPONSE

Plaintiffs object to this Interrogatory on the ground that it seeks information beyond the scope of Rule 33.1 of the Local Civil Rules for the Southern District of New York.

17.     Identify each and every expert witness with whom Plaintiffs have consulted or Plaintiffs plan to call to testify.

RESPONSE

None.

18.     Identify each and every non-expert witness with whom Plaintiffs consulted or Plaintiffs plan to call to testify at the trial of this action.

RESPONSE

Natasha Severin
Galina Cotova

9

Irina Montes

Irina Schaulskya, former employee of Defendants, 2665 Homecrest Ave., Brooklyn, NY 11235

Lyubov Tsyganova, former employee of Defendants, 2355 East 12th Street, Brookly, NY 12229

Plaintiffs intend to consult with other current and/or former employees of Defendants, the identities of whom are better known to Defendants

     19.    Provide a calculation of the total amount of compensation allegedly due Severin and Cotova in this action.

RESPONSE

Plaintiffs seek unpaid overtime and minimum wages, liquidated damages, pre and post-judgment interest, costs and counsel fees. A complete calculation of these damages will be possible once discovery of the Defendants' payroll and other records is complete.

     20.    With respect to Plaintiffs' claim for attorneys fees, court costs and disbursements, state: (a) the total amount claimed; and (b) the method of calculation of these fees.

RESPONSE

As of the date of service of these responses, Plaintiffs' attorneys fees are approximately $33,000. This assumes an hourly rate of $400 for Jason Rozger and $300 for Jennifer Smith. Plaintiffs' costs are approximately $500.

     21.    Identify each document or any other tangible items, which were in any manner relied upon in responding to these Interrogatories.

RESPONSE

Plaintiffs refer to all documents produced herewith. Plaintiffs will supplement this response.

22.     Identify each and every person with whom Plaintiffs consulted or who participated in any manner in the preparation of Plaintiffs' responses to these Interrogatories.

RESPONSE

Natasha Severin

Galina Cotova

23.     State whether Plaintiffs were subject to a collective bargaining agreement during their employment.

RESPONSE

Plaintiffs object to this Interrogatory on the ground that it seeks information outside the scope of Rule 33.3 of the Local Civil Rules for the Southern District of New York.

24.     State whether Plaintiffs ever sought to initiate any grievance and arbitration procedures pursuant to a collective bargaining agreement regarding the allegations in the Second Amended Complaint.

RESPONSE

Plaintiffs object to this Interrogatory on the ground that it seeks information outside the scope of Rule 33.3 of the Local Civil Rules for the Southern District of New York.

25.     Identify each complaint, if any, that Severin and/or Cotova made about their wages, without limitation, to any union, their employer, or a federal or state agency.

11

RESPONSE

Plaintiffs object to this Interrogatory on the ground that it seeks information outside the scope of Rule 33.3 of the Local Civil Rules for the Southern District of New York.

Dated: ~~August 26~~, October 14, 2011
New York, New York

BERANBAUM MENKEN LLP

By: _____
Jennifer Smith
80 Pine Street, 33rd Floor
New York, NY 10005
Ph: (212) 509-1616
Fax: (212) 509-8088
*Attorneys for Plaintiffs*

5420883v.1

12

<u>VERIFICATION</u>

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF KINGS     )


    I, Galina Cotova, being duly sworn, hereby verify and affirm that I have read the foregoing document, entitled Plaintiffs' Response to Defendants First Set of Interrogatories, and that the facts recited therein are true and correct to the best of my knowledge, information and belief.

                                      _____
                                        Galina Cotova


SWORN TO AND SUBSCRIBED before me
this *14*th day of *October*, 2011

_____
Notary Public

JENNIFER SMITH
Notary Public, State of New York
No. 02SM6184711
Qualified in Kings County
Commission Expires April 7, 20 *12*

VERIFICATION

STATE OF NEW YORK     )
                                ) ss:
COUNTY OF KINGS      )

      I, Natasha Severin, being duly sworn, hereby verify and affirm that I have read the foregoing document, entitled Plaintiffs' Response to Defendants First Set of Interrogatories, and that the facts recited therein are true and correct to the best of my knowledge, information and belief.

_____
Natasha Severin

SWORN TO AND SUBSCRIBED before me
this 9 day of *NOVEMBER* 2-11

_____
Notary Public

MAROUSSIA D. DIMITROV
NOTARY PUBLIC, State of New York
No. 01DI6031959
Qualified in Kings County
Commission Expires 10/12/20__ *13*