1CGHSEVC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

NATASHA SEVERIN, et al.,

              Plaintiffs,       New York, N.Y.

         v.                     10 Civ. 9696 (DLC)

PROJECT OHR (OFFICE FOR
HOMECARE REFERRAL), INC., et
al.,

              Defendants.

------------------------------x
HELENA SCHABOWSKA, et al.,


              Plaintiffs,

         v.                     11 Civ. 6001 (DLC)

PROJECT OHR (OFFICE FOR
HOMECARE REFERRAL), INC., et
al.,

              Defendants.
------------------------------x

                                    December 16, 2011
                                    12:10 p.m.
Before:
                  HON. DENISE L. COTE,

                                    District Judge
```

1CGHSEVC

1                               APPEARANCES

2    BERANBAUM MENKEN, LLP
          Attorneys for Plaintiffs Natasha Severin, *et al.*
3    BY:  JENNIFER SMITH
          JASON ROZGER
4

5    ROBERT WISNIEWSKI
          Attorney for Plaintiffs Helena Schabowska, *et al.*
6
     MINTZ LEVIN
7         Attorneys for Defendants
     BY:   JENNIFER B. RUBIN
8          MIKE ARNOLD

9    MICHAEL A. CARDOZO, Corporation Counsel
     for the City of New York
10        Attorneys for Defendants HRA, The City of New York
          and Robert Doar
11   BY:  ASHLEY HALE
          BEN WILIKSEN
12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              (In open court)
2              THE DEPUTY CLERK:  The first case is Severin and
3    others v. Project OHR, Inc. *et al.*
4              Counsel for the parties please state your name for the
5    record.  We will start with counsel for the plaintiffs
6              MS. SMITH:  Jennifer Smith and Jason Rozger, from
7    Beranbaum Menken.
8              THE DEPUTY CLERK:  And for the defendants.
9              MS. RUBIN:  Jennifer Rubin and Mike Arnold for Project
10   OHR and Dvorah Kohn.
11             THE DEPUTY CLERK:  That is for case No. 10 Civ. 9696.
12             For the matter Schabowska v. Project OHR, Inc. and
13   others.  That is case No. 11 Civ. 6001.  Counsel for the
14   plaintiff.
15             MR. WISNIEWSKI:  Robert Wisniewski.
16             THE DEPUTY CLERK:  For the defendants.
17             MS. RUBIN:  Jennifer Rubin and Mike Arnold for Project
18   OHR and Dvorah Kohn.
19             MS. HALE:  And Ashley Hale and Ben Wiliksen for city
20   defendants.
21             THE COURT:  Ms. Smith, are you joined at counsel table
22   by a colleague?
23             MS. SMITH:  Yes.  This is Jason Rozger with me.
24             THE COURT:  I think this is my first conference in the
25   6001 case, and we will get to that in a moment.  I thought I

1  would address open issues in the other case that has been
2  assigned to me for some time.
3          This is a case in which the parties are disputing,
4  among other things, the applicability of an FLSA companion
5  exemption.  The FLSA claim was dismissed as to one of the two
6  plaintiffs but it survived as to one plaintiff, Ms. Severin.
7  She has brought a motion for partial summary judgment on the
8  affirmative defense of the companionship exemption.  There is
9  also a request here for the plaintiff to issue a collective
10 action notice.
11         I have read the papers that the parties have submitted
12 on these two applications and am prepared to rule.
13         First let me start with you, Ms. Smith.  Is there
14 anything you want to say briefly in connection with either of
15 these requests beyond what you have said in the papers?
16         MS. SMITH:  No, your Honor.  I believe it is all in
17 the papers that we have already submitted.
18         THE COURT:  Thank you so much.
19         Ms. Rubin, is there anything that the defendants wish
20 to add beyond what is said in their papers?
21         MS. RUBIN:  No, your Honor, but we are prepared to
22 answer any questions your Honor may have about the papers.
23         THE COURT:  Thanks.
24         So let's talk about the summary judgment motion first.
25 There is some debate in the parties' papers about the burden of

1    proof, and of course at trial it is undisputed that the burden
2    of proof in an affirmative defense would be on the defendant.
3    It is a defense.  They would have the burden of proving it.
4    But the defendant here has not moved for summary judgment on
5    that defense.  It is the plaintiff that has moved for partial
6    summary judgment on that defense.  And in the context of a
7    partial motion for summary judgment brought by the plaintiff,
8    the plaintiff has the burden of proving that there are no
9    disputed material issues of fact that might require a trial.
10   The plaintiff in this case has not carried that burden.  There
11   are questions of fact that exist with respect to the amount of
12   time that Ms. Severin spent on general household work and,
13   indeed, whether she performed general household work.  Those
14   issues will require a trial.
15              Let's turn then to the issue of collective action
16   notice.  I appreciated the opportunity the parties took to
17   educate me about the FLSA companionship exemption.  The opinion
18   that I issued in this case previously spent more time analyzing
19   the New York labor law exemption, and the companionship
20   exemption under federal law was not at the center of that
21   motion practice.  So I have had a chance, in connection with
22   this litigation, to look at 29, C.F.R., 552.6, and of course
23   the statutory exemption provision in general which is Section
24   213.  I have also looked at the opinion letter from the
25   Department of Labor, which can be found at 1995 WL 1032475, and

reviewed the parties' submissions.

I think it is premature to issue a collective action notice, and I am not sure that one will ever be appropriate in this case. Under the FLSA, the companionship exemption will be a complete bar to liability. The kinds of jobs that the companions hold are individualized. They each have separate patients or clients; they have to tailor their duties -- indeed, their hours -- everything to the needs of the individual client; they are working under general protocols and training and supervision that would, if anything, enforce the exemption and not permit a violation of the FLSA.

So the plaintiff would have to establish on an individual plaintiff-by-plaintiff basis that somehow they performed general household work more than 20 percent of the time, and of course any work, household work, that is related to the fellowship, care or protection of their client wouldn't negate the exemption. So there are so many fact-specific inquiries -- what kind of household work was performed; was it related to the fellowship, care and protection of the client; if it was not so directly related such that it could be considered general household work, did it constitute more than 20 percent of the time that the individual spent in that client's home or environment.

So these are very fact-specific inquiries that aren't really susceptible, I think, to a similarly-situated person

1    analysis that would support the issuance of a collective action
2    notice.  So I am going to decline to issue one at this time.
3            Now, we have the beginning of a motion to dismiss.
4    The motion has been made with respect to an individual
5    defendant Ms. Kohn.  I don't know if, Ms. Smith, you are
6    planning to litigate this motion or if you are going to consent
7    to dismissal of the claims against Ms. Kohn.  Have you given
8    that some thought?
9            MS. SMITH:  We have, your Honor, and we haven't made a
10   final decision on that yet.
11           THE COURT:  Can you make a decision by Monday?
12           MS. SMITH:  Yes.
13           THE COURT:  Thank you.
14           MS. RUBIN:  Judge, if I can clarify, that was a motion
15   for summary judgment as to Ms. Kohn, not a motion to dismiss.
16           THE COURT:  Thank you very much.  Yes.  I misspoke.
17           So please write a letter to the court and defense
18   counsel by Monday, Ms. Smith, indicating whether or not you are
19   going to be opposing.  If you are going to oppose, let's set a
20   schedule.
21           Normally the opposition would be due next week, the
22   22nd, but as we all know we are in the midst of the holiday
23   season and I am sure everyone's willing to adjust schedules
24   appropriately.
25           Ms. Smith, when did you want your opposition due?

1          MS. SMITH:  I don't have a calendar in front of me,
2   but could we do it the end of the first week of January?
3          THE COURT:  OK.  Opposition would be due January 6th.
4   Should we say reply due January 13th, Ms. Rubin?
5          MS. RUBIN:  That would be fine, your Honor.
6          THE COURT:  But again, Ms. Smith is going to let
7   Ms. Rubin know by Monday whether or not there is going to be a
8   consent with respect to this motion.
9          Now, we had completed fact discovery in the case, in
10  the Severin case, 9696.  Obviously, we have had some summary
11  judgment practice here.  So I don't know if, Ms. Smith, you are
12  intending to seek class certification on the New York Labor Law
13  claim, or not.
14         MS. SMITH:  Yes, your Honor, we are.  Actually, that
15  was something we wanted to raise with you today.  We would like
16  to seek class discovery.  At this point the discovery that we
17  have done thus far has been limited to the individual
18  plaintiff's claims.  So we have not done any discovery beyond
19  that.
20         THE COURT:  Have you discussed with Ms. Rubin what
21  additional discovery you want to take.
22         MS. SMITH:  No.  I actually sent a request earlier
23  this week that we discuss it, but we had agreed to see what
24  your Honor had to say today.
25         THE COURT:  Well, it is a little hard to talk about it

1  in the abstract if you haven't described to Ms. Rubin precisely
2  what discovery you want to take.  It is a little hard for her
3  or for me to know if it sounds appropriate or burdensome or
4  really to react at all.
5           MS. SMITH:  OK.  Right now there is an anticipated
6  class of about 1700 other employees, and some of them did work
7  overnight hours, some of them did work overtime, some of them
8  did not.  So we would want just some representative information
9  about the hours that people were working for one thing.
10          THE COURT:  What do you mean?  How do you intend to
11 get representative information?  What do you mean?
12          MS. SMITH:  Well, a sample of current and former
13 employees, and the defendants have kept pay records showing the
14 hours, weekly time attendance records showing the time that
15 everybody is working.
16          THE COURT:  So you want some payroll records.
17          MS. SMITH:  Right, a sample.
18          MR. ROZGER:  Your Honor, we may need some samples of
19 paper records, but there are computerized pay records which
20 will show exactly who would be in the class and who wouldn't
21 and how much they are owed, if anything.  We think the
22 electronic discovery of the payroll system is probably the main
23 thing that we need for class discovery.
24          THE COURT:  Did you want sampling of that?  Is that
25 what you are describing?

1             MR. ROZGER:  I think we would need the electronic
2    records for the entire class or potential class.  Depending
3    upon if there are gaps or inconsistencies, we may need sampling
4    of paper records to back that up, or we may not.  If the
5    electronic data is consistent and complete, that may be all we
6    need.
7             THE COURT:  So you don't want samples, at least
8    initially.
9             MR. ROZGER:  Yes.
10            THE COURT:  What you want is the electronic payroll
11   records for 1700 employees?
12            MR. ROZGER:  Yes.
13            THE COURT:  Anything else?
14            MR. ROZGER:  That is the main thing, your Honor.
15            THE COURT:  Ms. Rubin.
16            MS. RUBIN:  Judge, I am not quite sure what payroll
17   records for 1700 employees is going to show other than
18   providing the relief that they sought in effect for the
19   collective action notice.
20            THE COURT:  They cannot send out a collective action
21   notice without approval of the court.
22            MS. RUBIN:  What I would suggest we do is to have
23   Ms. Smith indicate what type of employee they would be
24   interested in getting information about and then we could
25   provide that information on a much more limited basis, which

1CGHSEVC

1  would be less burdensome to my client.  Then if plaintiff
2  wished to depose these individuals, then we would be happy to
3  propose a limited sampling of current employees -- of course,
4  we have no control over former employees -- to appear and sit
5  for their deposition.
6           THE COURT:  OK.  So I think that this is not really
7  fruitful for us to discuss on the record in the first instance.
8  It would be helpful if counsel would discuss these issues with
9  each other, face to face -- I am happy to give you my jury room
10 today -- and try to reach an understanding.
11          I could see everybody at 2:00.  So that would give you
12 a chance to have a discussion about discovery.  I want you to
13 try to reach an agreement, if you can.  But if you can't,
14 explain your reasons to the other side in detail so you have
15 thoroughly discussed the issues.
16          I will see you back at 2:00 to set a schedule for the
17 remainder of this litigation.
18          Good.  Let's turn then to the Schabowska case, 6001.
19          Let me ask, is there any reason to keep a court
20 reporter for the remainder of this conference?
21          Does anyone require the services of a court reporter
22 for the remainder of this scheduling conference?
23          MR. ROZGER:  Not from our side, your Honor.
24          MR. WISNIEWSKI:  No, your Honor.
25          MS. HALE:  No, your Honor.

1CGHSEVC

1          MS. RUBIN:  No.
2          THE COURT:  We are going to close the record then.
3          Thank you.
4          (Adjourned)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25